IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

RUDOLPH SERRANO,
GLORIA NAVA, Guardian ad item [sic],
ATHENA SERRANO,
RUDOLPH SERRANO JR,

     Plaintiffs,

  v.                                                     No. CIV 13-1123 JP/WPL

GOV. SUSANA MARTINEZ,
KARI BRANDENBURG,
LISA TRABAUDO,
BENNETT BAUR,
JHON RHINEHART,
JACKELIN FLORES,
RICHARD BERRY,
ASST SHERIFF SCOTT BAIRD,
CHIEF SHULTS, CHIEF BANKS,
DETECTIVE SAMORA,
LT. SYCH STALKING UNIT,
SHERIFF DAN HUSTON,
OFF NELSON BEGAY, SPEED OPERATION,

     Defendants.

MEMORANDUM OPINION AND ORDER

     This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and rule 12(b)(6) of the Federal Rules of Civil Procedure, on Plaintiff's original and amended civil rights complaints (Docs. 1, 3) (together the "complaint"). Plaintiff was incarcerated when he filed the complaint, but he has been released from custody. He appears pro se and is proceeding in forma pauperis. For reasons set out below, Plaintiff's claims will be dismissed.

     The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under § 1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on

which relief may be granted." The Court also may dismiss a complaint *sua sponte* under rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

Plaintiff's original complaint alleges that he was denied effective legal representation and necessary medical treatment during state court criminal proceedings. Plaintiff also alleges that the State has enacted an illegal redistricting plan, and that his family members have been subjected to aggravated stalking by law enforcement officers. He contends that these actions have violated his rights under the Fourth, Eighth, Ninth, and Fourteenth Amendments. In his amended complaint he also raises a claim for harassment and character assassination, based on years of alleged loss of business, property, and children; "hundreds" of stops by Albuquerque police for no reason; and the portrayal of Plaintiff in the media as homeless and schizophrenic. He states that he has not exhausted available administrative remedies for any of these violations. The complaint seeks damages and certain equitable relief.

The caption of the original complaint names a second Plaintiff, Gloria Nava, a guardian ad litem. The amended complaint names two additional Plaintiffs, Athena Serrano and Rudolph Serrano, Jr. Neither of the complaints contains any allegations of civil rights violations against Plaintiff Nava, and none of these three additional Plaintiffs signed either complaint. Pro se

Plaintiff Serrano may not represent other parties in this proceeding, *see Haynes v. FAA*, 8 F. App'x 919, 919 (10th Cir. 2001), and the Court will dismiss the claims of purported Plaintiffs Gloria Nava, Athena Serrano, and Rudolph Serrano, Jr.

Plaintiff first alleges constitutional violations and ineffective legal representation in state criminal proceedings. These claims are asserted against the Governor, a district attorney, a judge and four defense lawyers. The complaint contains no allegation of the Governor's personal involvement in Plaintiff's prosecution. *See Stidham v. Peace Officer Standards And Training*, 265 F.3d 1144, 1157 (10th Cir. 2001) ("We hold that the affirmative link . . . must be alleged in the complaint as well as proven at trial."); *Foote v. Spiegel*, 118 F.3d 1416, 1423 (10th Cir. 1997); *Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). Likewise, the prosecutor and the judge are immune to Plaintiff's claims, *see Imbler v. Pachtman*, 424 U.S. 409, 431 (1976); *Wiggins v. N.M. State Supreme Court Clerk*, 664 F.2d 812, 814-15 (10th Cir. 1981), and his defense lawyers, whether private or public, did not act under color of state law for purposes of § 1983 in defending him, *see Beedle v. Wilson*, 422 F.3d 1059, 1073 (10th Cir. 2005); *Harris v. Champion*, 51 F.3d 901, 909-10 (10th Cir. 1995). The Court will dismiss Plaintiff's claims arising from his prosecution.

Plaintiff also asserts a claim of denial of medical treatment while he was confined in the Bernalillo County Metropolitan Detention Center. As above, this claim is directed only at state officials and attorneys; the complaint makes no allegations against any detention center staff who might have actually denied him treatment. The Court of Appeals for the Tenth Circuit has stated that "to present a plausible right to relief . . . . , it is particularly important . . . that the complaint make clear exactly *who* is alleged to have done *what* to *whom*." *Robbins v. Oklahoma*, 519 F.3d 1242, 1249-50 (10th Cir. 2008) (internal citations omitted). Because Plaintiff makes no

allegation of denial of treatment against a named Defendant or other identified individual, the Court will dismiss this claim.

In both the original and amended complaints, Plaintiff asserts claims of "Redistricting Plan" and Aggravated Stalking. His alleged "redistricting" injury is that he was escorted out of city hall on several occasions when he accused the mayor of taking kickbacks and demanded investigations of county and state officials regarding certain criminal prosecutions. Even assuming Plaintiff has standing to bring a private right of action for "redistricting" injuries, his allegations make no connection between legislative actions and his forced removal from public meetings and buildings. "To establish Article III standing, an injury must be '. . . fairly traceable to the challenged action.' " *Clapper v. Amnesty Int'l USA*, 133 S. Ct. 1138, 1147 (2013) (quoting *Monsanto Co. v. Geertson Seed Farms,* 561 U.S. 139, 149 (2010)). Furthermore, the complaints allege that certain law enforcement officers committed aggravating stalking of Plaintiff's family members. As noted above, Plaintiff may not assert this claim on behalf of another person. The Court will dismiss Plaintiff's claims of "Redistricting Plan" and Aggravated Stalking.

Last, Plaintiff asserts a claim for Harrasment, Character Assesination [sic]. He alleges that, "within the last 25 years," he has lost businesses, property, and his children; been subjected to "hundreds" of stops by Albuquerque police for no reason; and been portrayed in the media as homeless and schizophrenic. Again, this claim fails to "make clear exactly *who* is alleged to have done *what* to *whom*." *Robbins v. Oklahoma*, 519 F.3d at 1249-50. This claim will be dismissed without prejudice. Failure to comply with this Order may result in dismissal of Plaintiff's action.

IT IS THEREFORE ORDERED that Plaintiff's claims of denial of medical treatment and Harrasment, Character Assesination [sic] are DISMISSED without prejudice; otherwise, the Complaint is DISMISSED with prejudice; and, within fourteen days from entry of this Order,

Plaintiff may file an amended complaint identifying with factual allegations the individuals who denied him medical treatment and subjec... ...n.

*James A. Parker*